### 16846.   HAWKS v. THE STATE.

BROYLES, C. J.   The motion for a new trial contained the usual general grounds only, and the verdict was authorized by the evidence.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 15, 1925.

Conviction of transporting liquor; from Clarke superior court—Judge Fortson.   August 29, 1925.

*Gerdine Lumpkin, Carlisle Cobb,* for plaintiff in error.

*Henry H. West, solicitor-general,* contra.

---

### 16850.   CARMAN v. THE STATE.

BLOODWORTH, J.   Neither of the special grounds of the motion for a new trial shows any reason why the judgment should be reversed, and there is some evidence to support the verdict, and this has the approval of the trial judge.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*

DECIDED DECEMBER 15, 1925.

Conviction of larceny of automobile; from Fulton superior court —Judge E. D. Thomas.   September 12, 1925.

*W. A. James, Vester M. Ownby,* for plaintiff in error.

*John A. Boykin, solicitor-general, Ralph H. Pharr,* contra.

---

### 16851.   GILSTRAP v. THE STATE.

A conviction of burglary was not authorized by the evidence.

DECIDED DECEMBER 15, 1925.

Indictment for burglary; from Floyd superior court—Judge Wright.   September 5, 1925.

From the evidence it appears that the building in which Army Barnes conducted a pressing club was broken and entered at night, and that several suits of clothes were taken from it.   This place was entered from an alley near East First Street, between Fifth and Sixth Avenues, in the city of Rome.   A policeman testified that on that night he got a call on East First Street, between Fifth and Sixth Avenues, and went there in an automobile with Mr. Stevens, and found the defendant in a five-passenger

automobile, lying down in it, as if he were resting, and asked him what he was doing there, and he said he was waiting for a boy named Wood, who had gone down town; the witness told him that was no place to be lying in a car at twelve thirty, and that he had getter get away from there, and he went on down the street, the witness following him some distance, after which the witness turned around and went back to where he first saw the defendant, and parked his car, and, after he had been there about twenty minutes, a negro named Marshall came out of the alley with a suitcase, apparently going to step in the car, and, on being asked by the witness where he got the suitcase, threw it down and ran off; and that the suitcase contained several suits of clothes identified by Army Barnes as having been taken from his pressing club, the back door of which had been broken open. Stevens testified that previously on the same night, about eleven twenty, he saw the defendant and Marshall in "the car" together at South Rome bridge, and that Marshall got out of the car and went up town, and the defendant drove off by himself. Marshall, who had been convicted of burglarizing the same place on the occasion referred to, testified that on that night the defendant came to his house in a car at nine thirty, and said that he (the defendant) was going to leave for South Carolina at twelve o'clock; that they were going together, and the defendant took him in the car, and they took a ride, taking with them the wife of the witness and another woman; that later they left the women, and the defendant drove to East First Street and stopped at the alley leading to the pressing club of Army Barnes, and told the witness to go down there and get his grip, but did not say what was in the grip; that he (the witness) found the grip at the rear of a garage two doors from the pressing club, and took it to East First Street and started to get in "the car;" that the defendant had gone and he saw Mr. Stevens there, and threw down the suitcase and ran; that the defendant had been with him all the time from nine thirty o'clock until he (the witness) started to get the grip, about eleven o'clock, and that during that time the defendant was not out of the car except to get his lights fixed, and was not at the Army Barnes place that night, and did not say anything to him about going into that store; that there was no agreement between them for one of them to steal that stuff out of the store. Barnes testi-

fied that the suitcase in which the clothes were found was not his suitcase. The defendant, in his statement at the trial, said that he knew nothing about the Army Barnes pressing club and was never at it; that on the night mentioned he was getting ready to leave for South Carolina and "this negro" wanted to go with him, and that when the officers came up to his car, where it was parked, he was waiting for a man named Wood, who had gone to bring two girls to the car for a joy ride.

*M. B. Eubanks, James Maddox,* for plaintiff in error, cited 14 *Ga. App.* 578 (4).

*J. F. Kelly, solicitor-general, M. Neil Andrews,* contra.

BROYLES, C. J.   The verdict was unauthorized by the evidence, and the refusal to grant a new trial was error.

*Judgment reversed.   Luke and Bloodworth, JJ., concur.*

---

### 16852.   GORDON *v.* THE STATE.

LUKE, J.   The conviction of the accused was fully authorized by the evidence.   The assignments of error upon excerpts from the charge of the court, when the charge is read in its entirety, are wholly without merit. The court properly overruled the motion for a new trial.
> *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED DECEMBER 15, 1925.

Conviction of assault with intent to murder; from Long superior court—Judge Sheppard.   August 8, 1925.

*O. C. Darsey,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

---

### 16863.   JENKINS *v.* THE STATE.

BROYLES, C. J.   1. The defendant was convicted of an assault with intent to murder.   Upon the trial evidence was adduced which would have authorized the jury to find that there was a mutual intent to fight on the part of the defendant and the person alleged to have been assaulted by him, and that mutual blows were exchanged.   Therefore, the court, even without a written request, should have charged the jury upon the law of mutual combat and of voluntary manslaughter, and the failure to do so requires another trial of the case.   *Tucker* v. *State,* ante, 670.